UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**SYED TANSEEM ZAIDI,**

      **Plaintiff,**

   v.

**JAMES MORRISSEY, Special Agent Immigration & Customs Enforcement, Department of Homeland Security, and MOHSAN ALI JAN**

      **Defendants.**

Civ. No. 2:14-06282 (WJM)

**OPINION**

## WILLIAM J. MARTINI, U.S.D.J.:

*Pro se* Plaintiff Syed Tanseem Zaidi accuses Defendants of falsely implicating him in a criminal prosecution. Defendants move to dismiss Zaidi's complaint under Fed. R. Civ. P. 12(b)(6). In response, Zaidi has moved for leave to amend and has requested the appointment of *pro bono* counsel. For the reasons stated below, Defendant's motion will be **GRANTED**. Zaidi's motion for leave to amend and his request for *pro bono* counsel will be **DENIED**.

### I. BACKGROUND

This action arises out of allegations that Special Agent James Morrissey of the Immigration & Customs Enforcement Division of Homeland Security used unlawful means to maliciously prosecute Zaidi for a crime he did not commit. Unless otherwise noted, the following facts are alleged in the complaint:

In 2008, Morrissey violated agency protocol by travelling from New Jersey to New York in order to arrest co-Defendant Mohsan Ali Jan without a warrant. After the arrest, Morrissey transported Jan to his field office in New Jersey. Back at the field office, Morrissey threatened Jan that he would not be allowed to go home unless he signed an affidavit that falsely implicated Zaidi in criminal activity. Morrissey then committed other unlawful behavior by (1) telling an Immigration Judge he had arrested Jan due to Jan's prior criminal record when no such record existed; (2) providing the Immigration Court

with inaccurate information concerning the amount of money in Zaidi's bank account; (3) informing the Immigration Court that a U.S. Magistrate Judge had ordered the arrest of Zaidi for contacting a government witness, when the Magistrate had found no evidence supporting such accusations; and (4) offering benefits to Syed Nasir Shah, an illegal alien and member of the terrorist group Jaish-e-Mohammad, in exchange for Shah agreed to be a "secret witness against [P]laintiff."

The complaint also accuses Jan of wrongdoing. Specifically, Jan unlawfully worked for a medical collections and accounting firm on a visitor visa while also concealing income from the IRS. After Zaidi warned Jan and his wife that Jan was breaking the law, Jan appeared at Zaidi's house and threatened to "teach [Zaidi and his family] a lesson[.]" Jan then sent Zaidi threatening e-mails, but Morrissey had those e-mails deleted.

Although not specified in the complaint, Zaidi ultimately pled guilty to two felony charges related to Morrissey's investigation. Zaidi was subsequently sentenced to 26 months in prison. After serving his sentence, Zaidi was deported.

Zaidi has now filed the instant action against Morrissey and Jan. Through this action, he asks this Court to: (1) order an FBI investigation of Morrissey for misconduct and perjury; (2) strike Morrissey's testimony from a 2013 Immigration Court proceeding; (3) order the FBI to investigate the perjury of Jan and non-party Syed Nasir Shah; (4) vacate the 2008 arrest warrant and search of property warrant against Zaidi; (5) dismiss the grand jury indictment returned against Zaidi; (6) direct the U.S. Attorney to "take appropriate action against the defendant(s)"; and (7) order Zaidi released from prison "on personal reorganization or a surety bond from his family."

## II.  DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations

must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009). Here, both Morrissey and Jan have filed motions to dismiss. The Court now addresses those motions.

Zaidi's complaint does not assert a particular cause of action, which makes it difficult to discern whether he seeks injunctive relief or money damages. However, even if Zaidi did specify the type of relief sought, his complaint would nonetheless be subject to dismissal. If, for example, Zaidi asserted a *Bivens*[1] claim against Morrissey for monetary relief, his claim would be time barred. "A defendant properly raises a statute of limitations defense in a motion to dismiss 'where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.'" *See McCreary v. Redevelopment Auth. of City of Erie*, 472 Fed.Appx. 211, 214 (3d Cir. 2011) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994). In this case, the statute of limitations in a *Bivens* action is equivalent to the limitations period applicable to New Jersey's personal injury statute—two years. *Brown v. Tollackson*, 314 F. App'x 407, 408 (3d Cir. 2008). Here, Zaidi plead guilty to two felony counts on October 21, 2010 as a result of Morrissey's investigation. Accordingly, at that time, Zaidi was aware of the Government's case against him. However, Zaidi did not file his complaint until October 8, 2014, nearly four years after his indictment. Nothing in the complaint or Zaidi's opposition papers adequately explains why any tolling principles should apply. Consequently, any constitutional claims against Morrissey must be dismissed.

The Complaint further asks this Court to take a variety of remedial actions, such as ordering an FBI investigation into Morrissey and Jan. However, the Court is not empowered to take the remedial actions Zaidi requests. In *Piskanin v. John Doe*, 349 Fed.Appx. 689, 691 (3d Cir. 2009), for example, the Third Circuit held that the district court properly declined to issue a writ that would compel law enforcement to conduct an investigation. In doing so, the Third Circuit noted that the plaintiff was not owed any duty and therefore was not entitled to the issuance of a writ. *See id.* (citing 28 U.S.C. § 1361); *see also Lichtman v. U.S.*, 316 Fed. Appx. 116, 119 (3d Cir. 2008) ("decision to prosecute or not prosecute an individual is within [DOJ's] discretion; thus the DOJ cannot be compelled under [mandamus] to prosecute the alleged offenders.") Similarly, to the extent Zaidi challenges what transpired at his removal hearing, this Court is without the jurisdiction to address such a challenge. *See Jimenez v. Holder*, 338 Fed.Appx. 194 (3d

---

[1] In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court held that in certain circumstances, a plaintiff may sue a federal official for violating his or her constitutional rights.

Cir. 2009) (the REAL ID act of 2005 strips district courts of the authority to hear challenges to orders of removal). Consequently, both motions to dismiss will be **GRANTED**.

### III.  MOTION FOR LEAVE TO AMEND

Zaidi has also filed a motion for leave to amend his complaint. Without providing the Court with any specifics, Zaidi contends that he "has recently discovered additional evidence of wrongdoing of Defendants…" Where a plaintiff alleges civil rights violations, a court must grant leave to amend unless amendment would be futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247 253 (3d Cir. 2007). Here, the Court will deny Zaidi's motion because amendment would be futile. As stated previously, the Court is not empowered to order the FBI to commence an investigation. Similarly, the Court is without jurisdiction to address Zaidi's challenges to what transpired at his removal hearing. Consequently, even if the Court gives Zaidi the benefit of the doubt and assumes that he did discover additional evidence of wrongdoing, it would nonetheless be unable to grant him the relief he seeks. Consequently, Zaidi's motion for leave to amend is **DENIED**.

### IV.  MOTION FOR THE APPOINTMENT OF *PRO BONO* COUNSEL

Zaidi also seeks the appointment of *pro bono* counsel. Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In exercising its discretion to appoint counsel, district courts must first assess whether a given case has merit. *Tabron*, 6 F.3d at 155-157. For the reasons stated above, Zaidi's lawsuit is without merit. Therefore, his request for *pro bono* counsel is **DENIED**.

### V.  CONCLUSION

For the foregoing reasons, both motions to dismiss are **GRANTED**. Zaidi's motion for leave to amend and his application for *pro bono* counsel are both **DENIED**. Zaidi's complaint is **DISMISSED WITH PREJUDICE**. An appropriate order accompanies this decision.

                                                 /s/ William J. Martini
                                              **WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 25, 2016**